IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DARIUS ASHLOCK, | ] |
| Plaintiff, | ] |
| | ] CV-08-RRA-0535-NE |
| v. | ] |
| COUNTRYWIDE HOME LOANS, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

On March 28, 2008, the plaintiff filed a complaint in the United States District Court for the Northern District of Alabama. The complaint reads, in its entirety:

> This action alleges that Countrywide Home Loans is attempting to wrongfully undertake foreclosure proceedings at the property located at 1202 Oakwood Pl, SW, Decatur, AL 35603-3183.

This case is before the court on the defendant's motion to dismiss. (Doc. 9.)  The defendant previously filed a motion to dismiss, or, in the alternative for more definite statement. (Doc. 3.) The magistrate judge gave the plaintiff 11 days to respond to the motion. The Plaintiff filed no response. On October 2, 2008, the motion to dismiss was denied without prejudice, and  the plaintiff was ordered to amend his complaint within 20 days.  The Plaintiff filed no amendment.

When considering a motion to dismiss, a court "must accept the complaint's allegations as true and construe them in a light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Pro se pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will therefore be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  A plaintiff, though, has an "obligation to provide the 'grounds'

of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965 (U.S. 2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The complaint must have "enough factual matter (taken as true) to suggest" the underlying elements of the claim. *Id.*

The Eleventh Circuit recently upheld dismissal of a pro se plaintiff's complaint on the ground that it failed to state a claim. *Hernandez v. Florida Department of Corrections*, No. 07-15147, 2008 WL 2345142 *1 (11th Cir. June 9, 2008) (per curiam). There, the plaintiff, a state prisoner, sued several prison guards and his correctional institution, alleging that his treatment and conditions at the prison constituted violations of his civil rights under 42 U.S.C. § 1983. The district court dismissed his case for failure to state a claim. The plaintiff appealed. The Eleventh Circuit affirmed the district court's dismissal. Citing *Bell Atl. Corp.*, that Court stated that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

In this case, the plaintiff offers no facts to support his allegation that Countrywide is attempting to wrongfully undertake foreclosure proceedings. Accordingly, the complaint consists of unsubstantiated conclusory allegations in the like vein as those that the Supreme Court found did not meet Rule 8's requirements in *Bell Atl. Corp*. Even in a light most favorable to a pro se plaintiff, the court is forced to speculate as to whether the plaintiff owns the property, whether a mortgage exists on the property, the acts or omissions of Countrywide which allegedly constitute an attempt to wrongfully to undertake foreclosure proceedings, and what relief the plaintiff seeks. Indeed, the Court cannot even ascertain whether it has jurisdiction over the claim because the complaint does not allege violation of a specific federal law, or facts to support diversity jurisdiction. In conclusion,

the court gave the plaintiff an opportunity to correct his deficient complaint, and, since he did not comply, the motion to dismiss is now due to be granted.

    DONE this 3rd day of November 2008.

                                          KARON OWEN BOWDRE
                                          UNITED STATES DISTRICT JUDGE